PROVIDED TO HARDEE CORRECTIONAL
INSTITUTION ON 1-13-21 FOR MAILING
INMATE LEGAL MAIL.

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **UNITED STATES DISTRICT COURT** | DISTRICT: **MIDDLE** |
|---|---|

| Name of Petitioner: **CHRISTOPHER L. WILSON** | Docket or Case No. :**NEW CASE** 3:21-cv-62-34-JBT |
|---|---|

| Place of Confinement (include address) **HARDEE CORRECTIONAL INSTITUTION, 6901 STATE ROAD 62 BOWLING GREEN, FL 33834** | Prisoner No.: **387809** |
|---|---|

| Petitioner (include the name under which you were convicted)) **CHRISTOPHER L. WILSON** | Respondent (authorized persona having custody of petitioner) **MARK INCH, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS** |
|---|---|
| | v. |

ATTORNEY GENERAL OF THE STATE OF FLORIDA: **ASHLEY MOODY**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    **CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT, IN AND FOR ST. JOHNS COUNTY, FLORIDA**

    (b) Criminal docket or case number (if you know): **2014-CF-600, 2014-CF-334**

2. (a) Date of judgment of conviction (if you know): **JUNE 3, 2015**

    (b) Date of sentencing: **JUNE 3, 2015**

3. Length of sentence: **COUNT I BURGLARY 25 YEARS DEPARTMENT OF CORRECTIONS.**

4. In this case, were you convicted on more than one cont or of more than one crime?   ☐ Yes ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: **COUNT I-BURGLARY**

6. (a)What was your plea? (Check one)

    ☐ (1) Not Guilty            ☒ (3)Nolo contendere (no contest)

    ☐ (2) Guilty               ☐ (4) Insanity Plea

(b) If you entered a guilty plea to one count and not guilty plea to another count or charge, what did        you plead guilty to and what did you plead not guilty to?

    (c) If you went to trial what kind of trial did you have? (Check one)

        ☐   Jury ☐   Judge only

7 .Did you testify at pretrial hearing, trial, or post-trial hearing?
        ☐   Yes ☒   No

8. Did you appeal from the judgment of conviction?

        ☒   Yes ☐   No

1

9.    If you did appeal, answer the following:

(a) Name of Court: **FOURTH DISTRICT COURT OF APPEALS**

(b)  Docket or case number (if you know): **5D15-2346**

(c) Result: **PER CURIAM AFFIRM**

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds Raised: **TRIAL COURT ERRED BY FAILING TO APPOINT CONFLICT-FREE COUNSEL TO REPRESENT PETITIONER AT THE HEARING ON HIS MOTION TO WITHDRAW HIS PLEA**

(g) Did you seek further review by a higher state court?      ☐   Yes  ☒   No

If yes, answer the following:

(1) Name of Court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the state (if you know):

(6) Grounds raised

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐   Yes  ☒   No

If yes, answer the following:

(1) Docket or case number (if you know):

Result:

(3) Date of result (if you know):

(4)  Citation to the case (if you know):

10.    Other than direct appeals listed above, have you previously filed any other petitions, application, or motions concerning this judgment of conviction in any state court? ☒   Yes ☐   No

11.    If your answer to Question 10 was "yes," give the following information:

(a)      (1) Name of court: **SEVENTH JUDICIAL CIRCUIT FOR ST. JOHNS COUNTY, FLORIDA.**

(2) Docket or case number (if you know): **2014-CF-600, 2014-CF-334**

(3) Date of Filing (if you know): _____

2

(4) Nature of the proceeding: **MOTION FOR POST-CONVICTION RELIEF**

(5) Grounds raised: **ONE (1) GROUND OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes  ☒  No

(7) Result: **DENIED**

(b) If you filed any second petition, application or motion, give the same information

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of Filing (if you know):

(4) Nature of the proceeding:.

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes  ☐  No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application or motion, give the same information

(1) Name of court:.
(2) Docket or case number (if you know):
(3) Date of Filing (if you know):

(4) Nature of the proceeding
(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes  ☐  No

(7) Result:
(8) Date of result (if you know):
(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion

(1) First Petition          ☒   Yes   ☐   No

(2) Second Petitioner     ☐   Yes   ☐   No

(3) Third Petitioner       ☐   Yes   ☐   No

(e)        If you did not appeal to the highest state court having jurisdiction, explain why you did not:

3

12      For this petition, state every ground on which you claim that you are being held in violation of the
        Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four
        grounds. State the facts supporting each ground.

        CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-
        court remedies on each ground which you request action by the deferral court. Also, if you fail to set forth all
        the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE: TRIAL COURT ERRED BY DENYING PETITIONER'S PRESENTENCE MOTION TO WITHDRAW HIS PLEA TRIAL COURT ERRED BY FAILING TO APPOINT CONFLICT-FREE COUNSEL TO REPRESENT PETITIONER AT THE HEARING ON HIS MOTION TO WITHDRAW HIS PLEA RESULTING IN AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES.**

(a) Supporting facts (Do not argue or cite case law. Just state specific facts that support your claim.):

PETITIONER WAS CHARGED BY INFORMATION IN CASE NUMBER CF14-334 WITH THE OFFENSE OF BURGLARY OF AN UNOCCUPIED STRUCTURE AND IN CASE NUMBER CF14-600 WITH THE OFFENSE OF BURGLARY OF A STRUCTURE CAUSING DAMAGE IN EXCESS OF $1,000 WHILE WEARING A MASK.  ON FEBRUARY 16, 2015, PETITIONER APPEARED BEFORE THE TRIAL COURT AND AFTER BEING ARRAIGNED ON THE CF14-600 CASE, TENDERED A NO CONTEST PLEA IN BOTH CASES AS CHARGED.  TRIAL COURT ACCEPTED THE PETITIONER'S PLEA, ORDERED A PRE-SENTENCE INVESTIGATION AND SET THE MATTER FOR SENTENCING.

PRIOR TO SENTENCING THE PETITIONER FILED A TIMELY PRO SE MOTION TO WITHDRAW HIS PLEAS.  THE PRO-SE MOTION EXPRESSLY INDICATED THAT PETITIONER INTENDED TO NOTIFY THE COURT OF HIS INTENTION TO WITHDRAW HIS PLEAS IN COMPLIANCE WITH APPLICABLE DEADLINES FOR MAKING SUCH A REQUEST.  DEFENSE COUNSEL SUBSEQUENTLY FILED A MOTION TO WITHDRAW HIS PLEA ON PETITIONER'S BEHALF.  AS GROUNDS IN SUPPORT O F THE MOTION COUNSEL ADVISED THE COURT THAT PETITIONER WANTED TO PURSUE A MOTION TO SUPPRESS EVIDENCE IN BOTH OF HIS CASES THAT COUNSEL BELIEVED THERE WERE NO GROUNDS FOR SUPPRESSION AND THE PETITIONER HAD LOST A MOTION TO SUPPRESS THE SAME EVIDENCE PREVIOUSLY FILED IN ANOTHER JURISDICTION.  THE TRIAL JUDGE CONDUCTED A HEARING ON PETITIONER'S MOTION ON APRIL 13, 2015.  THE PUBLIC DEFENDER'S OFFICE REPRESENTED PETITIONER DURING THE PLEA PROCEEDING. AT THE BEGINNING OF THE HEARING DEFENSE COUNSEL MENTIONED THAT DURING THE LAST COURT APPEARANCE COUNSEL HAD REQUESTED THAT THE COURT CONSIDER APPOINTING "CONFLICT FREE COUNSEL" TO REPRESENT THE PETITIONER.  THE COURT RESPONDED THAT IT DID NOT BELIEVE THAT THE APPOINTMENT OF CONFLICT FREE COUNSEL WAS NECESSARY.

4

TRIAL COUNSEL THEN ADVISED THE COURT THAT THE PETITIONER HAD JUST HANDED HER A LETTER IN COURT THAT MORNING REFERENCING A NELSON HEARING AND A COMPLAINT TO THE FLORIDA BAR.  TRIAL COUNSEL INDICATED THAT SHE DID NOT APPRECIATE BEING THREATENED BY HER CLIENT AND THE IF THE PETITIONER WISHED TO REPRESENT HIMSELF SHE WOULD BE HAPPY TO WITHDRAW FROM THE CASE.  AT THE TIME THE COURT ELECTED TO FIRST PROCEED WITH THE MOTION TO WITHDRAW PLEA.  WHEN ASKED BY THE COURT WHY HE SHOULD BE ALLOWED TO WITHDRAW HIS PLEAS, PETITIONER ADVISED THE COURT THAT HE HAD DISPOSITIVE ISSUES WHICH WERE NEVER BROUGHT TO THE COURT'S ATTENTION THROUGH THE FILING OF A MOTION TO SUPPRESS.  THE COURT RESPONDED THAT PETITIONER HAD ALREADY FILED A MOTION TO SUPPRESS IN JACKSONVILLE ON THE SAME FACTS.

THE PETITIONER HAS STATED A FEDERAL CONSTITUTIONAL CLAIM.  ACCORDINGLY, THE PETITIONER IS ENTITLED TO HABEAS RELIEF AND A NEW TRIAL.

(b) If you did not exhaust your state remedies in Ground One, explain why: **N/A**

(c)      **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?  ☒   Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial      court?

☐   Yes  ☒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:.

Name and location of the court where the motion or petition was filed:,


Docket or case number (if you know)
Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):  .


(3) Did you receive a hearing on your motion or petition?                                     ☐  Yes   ☒   No

(4) Did you appeal from the denial of your motion or petition?                             ☐  Yes   ☒   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?   ☐  Yes   ☒   No

5

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Docket or case number (if you know):

Date of the court's decision:.
Result (attach a copy of the court's opinion or order, if available):
(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies etc.)

That you have used to exhaust your state remedies on Ground One:

**GROUND TWO: DEFENDANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO MOVE FOR SUPPRESSION OF EVIDENCE THAT WAS ILLEGALLY OBTAINED DURING SEARCH OF THE PETITIONER'S CAR. THE TRIAL COURT'S DECISION TO DENY POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE ON PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WAS CONTRARY TO UNITED STATES SUPREME COURT PRECEDENT.**

(a) Supporting facts (Do not argue or cite case law. Just state specific facts that support your claim.):

THE THRUST OF THE FACTS TO THIS PARTICULAR GROUND CONTEMPLATES THE SIMPLE CONSIDERATION OF THE STATE TRIAL COURT'S FAILURE TO RESOLVE THE DISPUTED FACTS THAT WERE PRESENTED IN PETITIONER'S ORIGINAL POST-CONVICTION PROCEEDINGS. PETITIONER COMPLAINED THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO ADEQUATELY MOVE FOR A SUPPRESSION OF THE EVIDENCE. THE TRIAL COURT SUMMARILY DENIED THIS CLAIM.

ON NOVEMBER 30, 2013, AT APPROXIMATELY 0330 HOURS, JACKSONVILLE SHERIFF'S OFFICE LIEUTENANT K.A. CLEMENT WAS CONDUCTING SURVEILLANCE OF THE DOLLAR GENERAL STORE AT 10171 NEW KINGS ROAD DUE TO A RASH OF BURGLARIES. HE OBSERVED A BLACK PASSENGER VEHICLE PASS HIS LOCATION AND PULL INTO THE SIDE ENTRANCE OF THE DOLLAR GENERAL WITH IT'S HEADLIGHTS TURNED OFF. THE VEHICLE SAT THERE FOR APPROXIMATELY ONE MINUTE BEFORE DRIVING AWAY AT A HIGH RATE OF SPEED. GIVEN THE SUSPICIOUS CIRCUMSTANCES, LT CLEMENT CONDUCTED A TRAFFIC STOP ON THE VEHICLE. HE MADE CONTACT WITH THE DRIVER, WHO WAS IDENTIFIED AS CHRISTOPHER WILSON. WILSON TOLD CLEMENT THAT HIS LICENSE WAS SUSPENDED. IT WAS DISCOVERED THAT WILSON WAS A HABITUAL TRAFFIC OFFENDER AND WAS TAKEN INTO CUSTODY. LT CLEMENT SEARCHED THE VEHICLE INCIDENT TO ARREST AND TO DO AN INVENTORY PRIOR TO THE VEHICLE BEING TOWED. DURING HIS SEARCH, LT. CLEMENT FOUND ONE BLACK GLOVE ON THE DRIVER'S SIDE FLOORBOARD, AND LOCATED TWO PLASTIC CONTAINERS ALONG WITH A YELLOW PRY BAR. PETITIONER WAS CHARGED WITH MULTIPLE BURGLARIES IN THE DUVAL, ST. JOHNS

AND CLAY COUNTY AREAS. THE PETITIONER ASKED HIS COUNSEL, RENEE H. PESHEK IF SHE WOULD FILE A MOTION TO SUPPRESS BASED ON THE FACT THAT THE SEARCH AND SEIZURE BY LT. KEITH CLEMENT OF THE JACKSONVILLE SHERIFF'S OFFICE WAS ILLEGAL BECAUSE NO FACTS ARTICULATED IN LT. CLEMENT'S POLICE REPORT JUSTIFIED A BELIEF THAT THE PETITIONER HAD CONCEALED EVIDENCE IN THE TRUNK, BUT A PREPLANNED INTENTION TO ARREST THE PETITIONER AND SEARCH THE CAR IN THE INVESTIGATION OF OTHER BURGLARIES THAT OCCURRED IN THE AREA.

THE PETITIONER HAS STATED A FEDERAL CONSTITUTIONAL CLAIM. ACCORDINGLY, THE PETITIONER IS ENTITLED TO HABEAS RELIEF AND A NEW TRIAL.

(b) If you did not exhaust your state remedies in Ground One, explain why: **N/A**

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal explain why: **CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL ARE NOT COGNIZABLE ON DIRECT APPEAL**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial    court?

☒   Yes  ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **3.850 MOTION FOR POSTCONVICTION RELIEF.**

Name and location of the court where the motion or petition was filed: **SEVENTH JUDICIAL CIRCUIT FOR ST. JOHNS COUNTY, FLORIDA.**

Docket or case number (if you know) **2014-CF-600, 2014-CF-334**

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available**): DENIED**

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☒ No |
| (4) Did you appeal from the denial of your motion or petition? | ☒ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? | ☒ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **FIFTH DISTRICT COURT OF APPEAL**

Docket or case number (if you know): **5D19-1686**

Date of the court's decision: **FEBRUARY 25, 2020**

Result (attach a copy of the court's opinion or order, if available): **PER CURIAM AFFIRM**

7

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies etc.)

That you have used to exhaust your state remedies on Ground Two:

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒  Yes  ☐  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? **NO**

If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐  Yes  ☒  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐  Yes  ☒  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised.

16     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:  **PUBLIC DEFENDER, RENEE H. PESHEK**

(c) At trial:

(d) At sentencing: **PUBLIC DEFENDER, RENEE H. PESHEK**

(e) On Appeal: **PRO-SE**

(f) In any post-conviction proceeding: **PRO-SE**

(g) On appeal from any ruling against you in post-conviction proceeding: **PETITIONER PROCEEDED**

**PRO-SE**

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging    ☐  Yes  ☒  No

8

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐  Yes   ☒   No

18.      TIMELINESS OF PETITION: **IF YOUR JUDGMENT OF CONVICTION BECAME FINAL OVER ONE YEAR AGO, YOU MUST EXPLAIN THE ONE-YEAR STATUTE OF LIMITATION AS CONTAINED IN 28 U.S.C. § 2244(D) DOES NOT BAR YOUR PETITION.***

 **THIS PETITION IS TIMELY FILED UNDER ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 ("AEDPA").**

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)      A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of State court. The limitation period shall run from the latest of-

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment for filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

9

    (2)     The time during which properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

**NEW TRIAL.**

_____

Signature of Attorney (if any)

I DECLARE (OR CERTIFY, VERIFY, OR STATE) UNDER PENALTY OF PERJURY that the foregoing is true and

correct and that this Amended Petition For Writ Of Habeas Corpus was place in the prison mailing system on

Jan. 13th _____ 2021

Executed (signed) on _____ day of.

_____

**Petitioner**

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition