PROVIDED TO HARDEE CORRECTIONAL INSTITUTION ON 1-6-2022 FOR MAILING INMATE LEGAL MAIL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CHRISTOPHER L. WILSON,　　　　　CASE NO.: 3:21-cv-62-MMH-JBT
PETITIONER,
V.

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
RESPONDENT.
_____/

## PETITIONER'S REPLY TO RESPONDENT'S ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW the Petitioner, Christopher Wilson, pro-se, pursuant to Rules 5 and 11, Rules Governing Section 2254 cases and 28 U.S.C. Section 2248, to here and now timely replies to and traverse the Respondent's Answer ("Petition") to the habeas petition filed in the above styled cause and Petitioner respectfully moves this Honorable Court to reject Respondent's answer based on the following facts and matters of law and grant the writ sought accordingly.

### PROCEDURAL AND FACTUAL STATEMENT

Petitioner stipulates to the accuracy of Respondent's recital of the Statement of the Case and Facts as well as the Procedural History set out with the Answer ("Petition") filed in this cause and, in order to eliminate a duplicity of the records to be considered by the Court, Petitioner will refer to those portions of the records and exhibits provided for in Respondent's answer in this reply and traverse.

1

### I. ONE YEAR LIMITATIONS PERIOD.

Respondent states that Petitioner's Habeas Petition is untimely filed. See, Answer pg.8. The reasons behind this assertion was that the Petitioner's conviction became final on April 24, 2017, which was ninety days after his direct appeal was per curiam affirm by the Fifth District Court of Appeals. Moreover, that he had one year form that date to file a federal habeas petition absent any tolling. They further added that his time was tolled on July 31, 2017 when he filed Florida Criminal Procedure 3.850 Motion for Postconviction Relief and at that time 98 days had expired since April 24, 2017 and that his time begin running again when the mandate was issued on March 20, 2020 and that time ran until he filed his 2254 petition on January 13, 2021 which accounts for an additional 299 days for a total of 397 days, thereby making the Petition untimely.

Contrary to the Respondent's assertions the Petitioner's 2254 petition was timely filed. The Respondent in its answer on page 5 stated that they included the available state records in the appendix filed under separate cover. The **Appendix under M1** shows that the Petitioner's mandate on direct appeal was issued on **February 17, 2017**. From that date the Petitioner had ninety days in which to file a certiorari with the United States Supreme Court which would have ended on **May 17, 2017**. The Petitioner filed his 3.850 Motion for Postconviction Relief on **July 31, 2017** which tolled his time and had only used up 44 days expiration time.

The Petitioner's mandate for this appeal of the denial of his 3.850 Motion for Postconviction Relief occurred on **March 20, 2020** and he filed his 2254 petition on **January 13, 2021** which accounts for an additional 299 days plus the 44 days used makes for a total of 343 days thereby making the petition timely. Based on the attached appendix by the Respondent it supports the fact that the 2254 petition was timely filed.

## EXHAUSTION

Respondent acknowledges that Petitioner properly federalized and exhausted Ground Two, but procedurally defaulted on Ground One. See, Answer pg. 6-7 Contrary to this assertion that ground one was procedurally defaulted the respondent nevertheless addresses the ground on the merits. See, Answer pg. 11-14 Moreover, the Respondent states in its answer that Ground one was never argued in State Court either on direct appeal or in his rule 3.850 motion and is unexhausted. Answer pg.6. In the States **Appendix under F pages 1-9** shows that Ground One was raised on direct appeal by the arguing of the Petitioner's Initial Brief on direct appeal. The Respondents contention that Ground one was unexhausted is clearly wrong. Petitioner will limit his discussion here to the Respondent's assertion whether each Ground was in fact contrary to unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Respondent is correct that Petitioner properly raised his

3

present habeas ground 2 under Florida State Law on direct appeal. However, the Respondent then presumes that the very same issue was not an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

## GROUND ONE ON THE MERITS

As to Ground 1, respondent suggest that the Petitioner did not fairly present his ground as an unreasonable application of clearly established federal law and it also not based on an unreasonable determination of the facts.. See, Answer pg. 15.

A decision by a state court is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent. Williams v Taylor, 529 US 362, 405-406, 146 L Ed 2d 389, 120 S Ct 1495 (2000). See also Early v Packer, 537 US 3, 7-8, 154 L Ed 2d 263, 123 S Ct 362 (2002) (per curiam).
A. Unreasonable Application of United States Supreme Court Law.

Initially, it must be noted that the Respondent in answer to this claim makes the stipulation that the state court's determination that there was no error in denying the motion for withdrawing his plea and was not objectively unreasonable. To support this reasoning the Respondent relies on facts in the record of the

4

Petitioner's case. These facts do not coincide with the claim brought forth to the state appellate court. The Federal question presented by the Petitioner to the state trial and appellate courts was that he had right to proceed with conflict free counsel at the hearing on his motion to withdraw.

The trial court, relying exclusively on testimony of an officer Lt. K. A. Clement of the Jacksonville Sheriff's Office to deny the motion to withdraw the plea. It never found that the Petitioner had acknowledged in his written plea agreement that he was entering his plea voluntarily, that no one had promised him anything in exchange for his plea, and that no one had made any promise about what the sentences would be. There was nothing discuss about conflict free counsel and there was no inquiry into this matter even though counsel stated at the hearing that there was a possible conflict between him and the Petitioner.

In Cuyler, the United States Supreme Court explained that a trial court has a duty, though limited, to avoid potential conflicts of interest. 446 U.S. at 346, 100 S. Ct. at 1717. That duty requires a court to initiate an inquiry into a potential conflict if it knows or reasonably should know that a potential conflict exists. Id. at 347, 100 S. Ct. at 1717. While making this inquiry, the Supreme Court has noted that the "essential aim of the [Sixth] Amendment is to guarantee an effective advocate," not a lawyer inexorably preferred by the defendant. Wheat v. United

5

States, 486 U.S. 153, 159, 108 S. Ct. 1692, 1697, 100 L. Ed. 2d 140 (1988). In Holloway v. Arkansas, 435 U.S. 475, 483, 98 S. Ct. 1173, 1178, 55 L. Ed. 2d 426 n.5 (1978), the Supreme Court stated that "a defendant may waive his right to the assistance of an attorney unhindered by a conflict of interests." Waiver must be knowing and intelligent. Nevertheless, the Supreme Court held in Wheat that although the trial court must recognize a presumption in favor of the defendant's choice of counsel, "that presumption may be overcome not only by a demonstration of actual conflict, but also {653 So. 2d 1062} by a showing of a serious potential for conflict." 486 U.S. at 154, 108 S. Ct. at 1694.

To show an actual conflict of interest, a habeas petitioner "'must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative courses of action . . .' that favors an interest in competition with that of the defendant. 'If [counsel] did not make such a choice, the conflict remained hypothetical.'" Id. at 1086 n.6 (quoting Smith v. White, 815 F.2d 1401, 1404 (11th Cir. 1987)); see also Freund v. Butterworth, 165 F.3d 839, 859 (11th Cir. 1999) (en banc) ("An 'actual conflict' of interest occurs when a lawyer has 'inconsistent interests.'" (quoting Smith, 815 F.2d at 1405)." To prove adverse effect, a habeas corpus petitioner must show: (1) the existence of a plausible alternative defense strategy or tactic that might have been pursued; (2)

that the alternative strategy or tactic was reasonable under the facts; and (3) a link between the actual conflict and the decision to forgo the alternative strategy of defense." Pegg v. United States, 253 F.3d 1274, 1278 (11th Cir. 2001).

The Petitioner has established that the state court's denial of this claim was contrary to, federal law and was based on an unreasonable determination of the facts.

## **GROUND TWO ON THE MERITS**

The Respondent in its answer to ground 2 reflects that this issue was not an unreasonable application of federal law and there was not a unreasonable determination of the facts. See, Answer pg. 19. This claim by the Petitioner was presented as a claim of ineffective assistance of trial counsel for failing to pursue a motion to suppress.

The thrust of the argument pertinent to these particular grounds contemplates the simple consideration of the State trial court's failure to resolve the disputed facts as were presented in Petitioner's original post-conviction proceedings. Respondent notes in its Answer that Petitioner's Rule 3.850, Florida Rule of Criminal Procedure, post-conviction motion contained the claim of ineffective assistance of counsel when failing to move to suppress evidence that was illegally obtained. Thus, in essence, the very nature of the claim raised in the

State court, and reiterated again in the present habeas petition, is the lack of fact finding made at the State court level that this court could now 'defer' to in order to properly gage Petitioner's claims that trial counsel rendered constitutionally inept representation at the trial court level. The present issue, contrary to Respondent's contention, may require an evidentiary hearing to resolve. As applicable here, 28 U.S.C. Section 2254 (e) (1) and (2) provide that,

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of the claim in State court proceedings, the court shall not hold an evidentiary hearing unless the applicant shows that
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. Section 2254(e).

In this case, through no fault of Petitioner, the State courts did not allow Petitioner the opportunity to adequately develop a sufficient factual basis to support his claims as to whether trial counsel was indeed ineffective for of failing to move to suppress evidence that was illegally obtained. Similarly, the First District court of Appeals did not allow Petitioner that opportunity either when he appealed the summary denial of his Rule 3.850 post-conviction motion to that court. Consequently, there are no facts for this Court to review in order to

determine whether the State trial court or State appellate court properly applied Federal law or correctly construed Petitioner's 5th, 6th, and 14th Amendment Constitutional rights to a reasonably competent in-trial advocate. Here, the record fails to demonstrate that any single one of Petitioner's State court post-conviction claims ere refuted by the record or at trial. Thus, Petitioner contends that, but for trial counsel' ineffectiveness a probability exists that a not guilty verdict might have resulted.

The specific facts of the foregoing issues are not identical to any Supreme Court precedent and thus the review herein is centered around whether trial counsel's unprofessional error actually denied Petitioner a substantive Constitutional right. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Barclay v. Florida, 463 U.S. 939 (1983); Wainwright v. Goode, 464 U.S. 78 (1983), and generally Engle v. Isaac, 456 U.S. 78 (1981).

Therefore, Respondent's contention now that Petitioner's habeas Ground 2 was not an unreasonable application of United States Supreme Court law is incorrect and request for denial of this specific claim can and should now be rejected.

## CONCLUSION

Petitioner is therefore constitutionally entitled to the Writ sought and a new trial should be ordered below.

/S/ *Christopher Wilson #387809*
Christopher Wilson, DC #387809

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing motion for extension of time been provided to: Hardee Correctional Institution mailroom officials for mailing to: Office of Attorney General's, Ashley Moody, Assistant Attorney General, Robin A. Compton, 444 Seabreeze Boulevard 5th Floor, Daytona Beach, Fl 33607 and to the United States District Court, Middle District of Florida, Clerk of Court, Sam Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Fl 32118, on this 6th day of January 2022.

/S/ *Christopher J. Wilson #387809*
Christopher Wilson, DC #387809
Hardee Correctional Institution
6901 State Road 62
Bowling Green, Florida 33834

10