UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER L. WILSON,

       Petitioner,

v.                              Case No. 3:21-cv-62-MMH-JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

       Respondents.

_____

## ORDER

### I. Status

Petitioner Christopher L. Wilson, an inmate of the Florida penal system,

initiated this action on January 13, 2021,[1] by filing a Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] In the Petition,

Wilson challenges two 2015 state court (St. Johns County, Florida) judgments

of conviction for burglary of an unoccupied structure, burglary of a structure

causing damage in excess of $1000 while wearing a mask, and grand theft. He

raises two grounds for relief. See Petition at 4-8. Respondents have submitted

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

[2] For all pleadings and exhibits filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

a memorandum in opposition to the Petition, arguing that the action is untimely. See Response (Doc. 7). They also submitted exhibits. See Doc. 7-1. Wilson filed a brief in reply. See Reply (Doc. 8). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could

2

> > have been discovered through the exercise
> > of due diligence.
> >
> > (2) The time during which a properly filed application
> > for State post-conviction or other collateral review
> > with respect to the pertinent judgment or claim is
> > pending shall not be counted toward any period of
> > limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Wilson has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Response at 7-10. But, Wilson argues that he did timely file his Petition. See Reply at 2-3. The following procedural history is relevant to the one-year limitations issue. On February 27, 2014, the State of Florida (State) charged Wilson by information in St. Johns County Case Number 2014-CF-334 with burglary of an unoccupied structure (count one). Doc. 7-1 at 108. On February 10, 2015, the State charged Wilson by amended information in St. Johns County Case Number 2014-CF-600 with burglary of a structure causing damage in excess of $1000 while wearing a mask (count one) and grand theft (count two). Id. at 45. On February 16, 2015, Wilson entered pleas of nolo contendere in both cases. Id. at 57, 135.

On June 3, 2015, the circuit court sentenced Wilson in case number 2014-CF-600 to a twenty-five-year term of imprisonment as to count one and a five-year-term of imprisonment as to count two, and to a term of imprisonment of

five years as to count one in case number 2014-CF-334, with all counts to run

concurrently with each other and any other active sentence. Id. at 71-81, 151-

61. On January 24, 2017, the Florida Fifth District Court of Appeal (Fifth DCA)

per curiam affirmed Wilson's convictions and sentences, id. at 267, and on

February 17, 2017, issued the mandate, id. at 269.

As Wilson's convictions and sentences became final after the effective

date of AEDPA, his Petition is subject to the one-year limitations period. See

28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida

Supreme Court to review an affirmance without an opinion, see Florida Rule

of Appellate Procedure 9.030(a)(2), Wilson's convictions and sentences became

final when the time for filing a petition for certiorari review in the United

States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198

(11th Cir. 2018). The time for Wilson to file a petition for writ of certiorari

expired on Monday, April 24, 2017 (ninety days after January 24, 2017[3]). See

---

[3] In his Reply, Wilson argues the period for seeking Supreme Court review began to run on the date the Fifth DCA issued the mandate, February 17, 2017, not the date the Fifth DCA entered judgment, January 24, 2017. Reply at 2. The Eleventh Circuit, however, has made clear that the state appellate court's "entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review." Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006); Moore v. Sec'y, Fla. Dep't of Corr., 762 F. App'x 610, 617-18 (11th Cir. 2019) ("[T]he time for pursuing review in the Supreme Court of the United States is governed by Supreme Court Rules 13.1 and 13.3, which together provide that 'a petition for a writ of certiorari to review a judgment . . . entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment . . . and not from the issuance date of the mandate.'" (quoting Sup. Ct. R. 13.1, 13.3)).

4

Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Wilson had until April 24, 2018, to file a federal habeas petition. He did not file the instant Petition until January 13, 2021. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

The one-year limitations period began to run on April 25, 2017, and ran for 97 days until July 31, 2017, when Wilson filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 7-1 at 273-83. The circuit court denied the Rule 3.850 motion on May 7, 2019. Id. at 320-24. On February 25, 2020, the Fifth DCA per curiam affirmed the circuit court's denial of the Rule 3.850 motion, id. at 432, and, on March 20, 2020, issued the mandate, id. at 434. The one-year limitations period began to run again the next day, March 21, 2020, and ran for 268 days until it expired on Monday, December 14, 2020. Wilson filed the instant Petition on January 13, 2021. Therefore, the Petition is untimely filed based on the record, and due to be dismissed unless Wilson can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the

5

petitioner establishes that he is entitled to equitable tolling." <u>Damren v.</u>
<u>Florida</u>, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court
has established a two-prong test for the application of equitable tolling, stating
that a petitioner must show "(1) that he has been pursuing his rights diligently,
and (2) that some extraordinary circumstance stood in his way and prevented
timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (quotations and
citation omitted); <u>Cadet v. Fla. Dep't of Corr.</u>, 853 F.3d 1216, 1221 (11th Cir.
2017). As an extraordinary remedy, equitable tolling is "limited to rare and
exceptional circumstances and typically applied sparingly." <u>Cadet</u>, 853 F.3d at
1221 (quotations and citation omitted). The burden is on Wilson to make a
showing of extraordinary circumstances that "are both beyond his control and
unavoidable even with diligence," and this high hurdle will not be easily
surmounted. <u>Howell v. Crosby</u>, 415 F.3d 1250, 1251 (11th Cir. 2005)
(quotations and citation omitted); <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th
Cir. 2004) (per curiam) (citations omitted). Here, Wilson simply has not argued
that equitable tolling is warranted. And, Wilson's miscalculation of the
limitations period based on an erroneous understanding of the law is not a
basis to warrant equitable tolling. "As with any litigant, <u>pro se</u> litigants 'are
deemed to know of the one-year statute of limitations'" and, therefore,
"confusion or ignorance about the law" does not constitute extraordinary
circumstances. <u>Perez v. Florida</u>, 519 F. App'x 995, 997 (11th Cir. 2013)

(citations omitted). Because Wilson has not shown a justifiable reason why the dictates of the one-year limitations period should not be applied to him, the Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Wilson seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Wilson "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a

claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) and this case are **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close this case.

3. If Wilson appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of October, 2023.

MARCIA MORALES HOWARD
United States District Judge

8

9

Jax-10
c:      Christopher L. Wilson, #387809
        Counsel of record